IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**DR. JOSEPH A. CHASE, JR., et al,**

      **Plaintiffs,**

v.                                                                                                                                                       Civ. No. 2:05cv446

**CITY OF PORTSMOUTH et al.,**

      **Defendants.**

## OPINION AND ORDER

Presently before the Court is defendants Dr. James W. Holley, III, William E. Moody, Jr., Charles B. Whitehurst, Sr., and Ray A. Smith, Sr.'s Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reason that plaintiffs have failed to state a claim upon which relief may be granted. For the reasons below, defendants' motion is **DENIED**.

**I.    FACTS AND PROCEDURAL BACKGROUND**

    **A.    Factual Background**

Plaintiffs Dr. Joseph A. Chase, Jr. and Katrina Chase are pastors of the Friendship Temple and the Friendship Cathedral in Suffolk, Virginia. They are the owners of real property and improvements located at 812 Washington Street in Portsmouth. The property consists of approximately three-quarters of an acre of land upon which sits a two-story stone building with a tall steeple in a primarily residential neighborhood. The building was built in 1899 and was used continuously as a house of worship until 1998. According to the Portsmouth Zoning Ordinances

and Schedules, the property has a zoning designation of D-1 Public. In this zoning district, the City Council must approve a Use Permit application to operate a church. On or about May 28, 2004, the plaintiffs submitted a Use Permit application to operate a church on the property to the City of Portsmouth Planning Commission. Attached to this application were plans for "substantial renovations" to the building and surrounding grounds and a contractor's written proposal for such renovations. On December 7, 2004, the Planning Commission recommended approval of the plaintiffs' application by a unanimous vote.

On May 24, 2005, the City Council held a public hearing and plaintiffs' Use Permit application appeared on the agenda for a first reading. By voice vote, the Council approved the application 4-2. Plaintiffs allege that the Council Members who voted against the plan failed to give reasons for their vote other than to "cite a two-acre land requirement." Complaint ¶ 20.

On June 14, 2005, the City Council held a second public hearing and the plaintiffs' Use Permit application was on the agenda for a second and final reading. At this vote, the Council denied the application 4-3. Plaintiffs state that, again, the Council Members gave no reasons for the denial other than the "two-acre land requirement."

### B. Procedural Background

Plaintiffs brought this suit on July 28, 2005, alleging that the defendant City of Portsmouth and the individual members of the City Council, in their official capacities, violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the First Amendment's Free Exercise Clause, and both the substantive due process and equal protection components of the Fourteenth Amendment. At an initial hearing on the matter, plaintiffs counsel agreed, in open court, to dismiss all the individual members of the counsel without prejudice. See Chase v. City of Portsmouth, 2005 WL 3079065, *2 (E.D. Va. 2005). In a hearing on

February 9, 2006, the Court became concerned that the position of certain Council Members was antagonistic to the position of the City Council. (Transcript of Hearing, Feb. 9, 2006, at 6.) During the hearing, the Court granted the plaintiffs leave to amend their complaint to name the Council Members individually. (Id. at 21-22.) On February 15, 2006, plaintiffs filed a Third Amended Complaint naming the four Council Members who voted against the Use Permit in their *official capacities* for violationing RLUIPA and the Equal Protection Clause pursuant to 42 United States Code Section 1983. The individually named defendants filed an answer contemporaneously with a Motion to Dismiss on March 7, 2006. This motion has been fully briefed and is now ripe for review.

## II.     ANALYSIS

### A.     Legal Standard: Motion to Dismiss

The defendants' motion to dismiss rests on Federal Rule of Civil Procedure 12(b)(6). This Rule permits federal courts to dismiss an action for "failure to state a claim upon which relief can be granted." "At this stage of the litigation, we must accept [the plaintiff's] allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73; accord Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). Because the purpose of a Rule 12(b)(6) motion is to test the legal, but not the factual sufficiency of a complaint, a court's consideration is limited to the pleadings alone, drawing all reasonable inferences in favor of the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### B.     Official Capacity v. Individual Capacity Suits

In most cases where the question of whether a suit can be brought against a government

actor in his or her individual or official capacity, it is either unclear in which capacity the actor is being sued or a suit is being brought against the actor in both capacities. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). This case, however, is different. The plaintiffs acknowledged that, while they carefully considered filing suit against the Council Members in their individual capacities, they decided not to do so. (Pl's Resp. to Mot. to Dismiss at 4.)

A suit against a municipal officer in his or her "official capacity" is to be treated as a suit against the entity itself. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Graham, 473 U.S. at 166. The Supreme Court stressed that "it is *not* a suit against the person officially, for the real party in interest is the entity." Id. Treating an official-capacity suit as a suit against an entity makes sense when viewed in light of the relief available. Because the Council Members are named in their official capacities only, relief can only come from the City. See Perry v. Carter, 1998 WL 1745365, *6 (E.D. Va. 1998); Mainstream Loudoun et al. v. Bd. of Trustees of Loudoun County Library, 2 F. Supp. 2d 783, 790-91 (E.D. Va. 1998).

While Supreme Court precedent shows that there is, in effect, no difference between suing the City and suing the City Council Members in their official capacities, that precedent does not require the district courts to dismiss the claims against the Council Members. See Brandon v. Holt, 469 U.S. 464, 471-73 (1985). Motions to dismiss under Rule 12(b)(6) test the validity of a complaint. Simply because a claim is redundant does not necessarily mean that the complaint is invalid. See Crighton v. Schuylkill County, 882 F. Supp. 411, 415 (E.D. Pa. 1995) (refusing to dismiss an official capacity suit where the entity was also named as a defendant); Kenny v. Whitpain Township, 1996 WL 445352, *3 n.2 (E.D. Pa. Aug 06, 1996) (agreeing with the Crighton court's interpretation of the Supreme Court's Brandon decision, but deciding to use

the court's discretion to dismiss an official capacity suit against police officer).

A significant amount of case law shows government officials named in their official capacities alongside the entities for which they are associated, especially where the alleged violations of a plaintiffs' rights occurred because of specific individuals. Many of these cases were brought under the land use provisions of RLUIPA. See, e.g., Guru Nanak Sikh Soc. of Yuba City v. County of Sutter, 326 F. Supp. 2d 1140, 1162 (E.D. Cal. 2003) (naming the County and individual members of the Board of Supervisors in their individual capacity in RLUIPA action); Westchester Day Sch. v. Village of Mamaroneck, 386 F.3d 183 (2d Cir. 2004) (same, Town Council); Grace United Methodist Church v. City of Cheyenne, 427 F.3d 775 (10th Cir. 2005) (same, Development Director). But see Kaahumanu v. County of Maui, 315 F.3d 1215 (9th Cir. 2003) (dismissing City Councillors in their official capacity on 12(b)(6) motion).

Although it is well-settled that damages can only be assessed against the City of Portsmouth, the Council Members who are named in the Third Amended Complaint are ultimately responsible for denying the Use Permit Application. Naming them specifically in the case, even though damages cannot be obtained from them, does provide a certain level of public accountability. In cases such as these, where elected officials are alleged to have violated federal laws protecting a local constituency, public accountability is of utmost importance.

Including the Council Members in their individual capacities provides little in the way of burden. First, as discussed above, damages can only be assessed against the City itself. Second, the City and the Council Members have the same counsel and have given every indication to the Court that they will act as one. (See Def.'s Rebuttal Br. at 2.) Finally, their status as defendants benefits the Council Members to the extent that they will be able to participate fully in the defense of this action as named parties to the litigation.

### III. CONCLUSION

Although naming both the City of Portsmouth and the four Council Members who voted against the permit in their official capacities is redundant as far as damages are concerned, naming the Council Members provides two important benefits. First, as the City Council is popularly elected, it may provide the plaintiffs with the public accountability they seek if they succeed on the merits. On the other hand, it may also provide the Council Members vindication if they succeed in their defense. Second, it gives the Council Members the ability to participate fully in defense of their actions as parties to the litigation. Naming the Council Members in their official capacities also presents no substantial burdens on the Council Members. In light of these benefits and in the absence of any burdens, the Court hereby **DENIES** the defendant Council Members' Motion to Dismiss.

Copies of this order shall be forwarded to all counsel of record.

**IT IS SO ORDERED.**

/s/

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

April 20, 2006